IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA     )
     )
v.     )     Criminal Case No. 2:21CR27-1 (RCY)
     )     Civil Action No. 2:23CV47 (RCY)
AVERY ANGELO PALMER,     )
Petitioner.     )

## MEMORANDUM OPINION

Petitioner, Avery Angelo Palmer, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"), ECF No. 346. The Court finds that the materials before it adequately present the facts and legal contentions, and that a hearing would not aid the decisional process. For the reasons set forth below, Palmer's § 2255 Petition will be DENIED.

## I. BACKGROUND & PROCEDURAL HISTORY

On March 19, 2021, Petitioner and four other individuals were indicted in the present matter. Indictment, ECF No. 1. An amended indictment was filed on June 29, 2021. Am. Indictment, ECF No. 95. The charges against Petitioner were conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute heroin, in violation of 21 U.S.C. § 846 (Count One); two counts of distribution and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Counts Five and Seven); maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and (b) (Count Fourteen); possessing, using, and carrying firearms in furtherance of and in relation to drug-trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Fifteen); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Sixteen). *Id.* at 1–2, 4, 7–8. Among the other indicted defendants were Petitioner's brothers, Carrington and Thomas Palmer. *See id.*

On June 29, 2021, Petitioner entered into a plea agreement whereby he agreed to plead guilty to Counts One and Fifteen, in exchange for dismissal of the other counts against him. *See* Plea Agreement ¶¶ 1, 8, ECF No. 100. The plea agreement incorporated an accompanying Statement of Facts, signed by Petitioner, that described his personal conduct in the offenses charged in Counts One and Fifteen. *See id.* ¶ 3; Statement of Facts ("SOF"), ECF No. 102.

In the Statement of Facts, Petitioner acknowledged that he and his codefendants were members of a drug-trafficking conspiracy that operated from 2016 to October 22, 2020. SOF ¶ 1. During the course of the conspiracy, Petitioner and his two codefendant-brothers "received, stored, packaged, and distributed fentanyl, heroin, and marijuana—and kept firearms to protect their drug trade" at a residence in Portsmouth, Virginia. *Id.* ¶ 2. On two different occasions in March 2020, Petitioner sold fentanyl from this supply to a confidential informant at the Portsmouth address. *Id.* ¶ 4. On August 6, 2020, investigators executed a warrant to search that address and secured arrest warrants for Petitioner and his brothers. *Id.* ¶ 6. Before executing the warrants, investigators observed Petitioner load two bags into a nearby vehicle. *Id.* They then arrested Petitioner and recovered from the bags a total of $47,011 in drug proceeds and three handguns. *Id.* The investigators recovered marijuana, a digital scale, drug-packaging materials, and roughly 50 rounds of ammunition from inside the residence, plus several ripped bags with drug residue from the trash outside the residence. *Id.* Petitioner and his brothers "jointly and knowingly possessed the contraband" recovered from that residence, and Petitioner "possessed the three recovered firearms in furtherance of drug-trafficking crimes, including his involvement in the heroin-trafficking conspiracy and maintaining the [Portsmouth] drug premises." *Id.* ¶ 7. Petitioner stipulated that all these incriminating facts, as well as several others, were true and correct and that, had the case proceeded to trial, the Government would have proven them beyond a reasonable doubt. *Id.* at 1.

On June 29, 2021, the Court conducted a hearing to accept Petitioner's guilty plea to those two counts. *See* Plea Hr'g Tr., ECF No. 253. Petitioner was represented at that hearing by appointed counsel, Paul Todd Sartwell. *Id.* at 1–2. At the hearing, the Court verified that Petitioner understood the consequences of entering a plea of guilty:

> THE COURT: All right, Mr. Palmer. So at any time during this process, if you have a question of your attorney, simply turn to him and ask him that question. At any time during this process, you may stop answering questions if you choose to. And at any time up until I accept your plea of guilty, you may withdraw it if you like. However, once I accept your plea of guilty, it may only be withdrawn for what is known as a fair and just reason, and that's a difficult standard to meet under the law. So, for example, it wouldn't be enough that you've changed your mind, or you now want a trial by jury, or you feel like you're facing a sentence that's more stringent than you once anticipated. So, in simple terms, once I accept your plea of guilty, you will be bound by the answers that you give me, which are going to be in response to all of these questions that I'm about to ask you.
>
> Do you understand that?
>
> PETITIONER: Yes, Your Honor.

*Id.* at 3–4. Petitioner stated under oath that he could read, write, and understand English; that he had not ingested any drugs, prescription or otherwise, or alcohol in the previous twenty-four hours; and that he had not been treated for any mental or emotional disorder. *Id.* at 4–5. Petitioner also confirmed under oath that his guilty plea was knowing and voluntary, that he had an opportunity to discuss the pending charges and his decision to plead guilty with Attorney Sartwell, and that he was satisfied with Attorney Sartwell's representation of him:

> THE COURT: Now, have you had enough time to discuss the charges in the indictment with your lawyer prior to coming to court today?
>
> PETITIONER: Yes.
>
> THE COURT: Have you had enough time to discuss with him any possible defenses to the charges?
>
> PETITIONER: Yes.
>
> THE COURT: All right. And have you had enough time to discuss with him the terms of the plea agreement?

3

PETITIONER: Yes.

THE COURT: All right. Up to this point, are you entirely satisfied with what your lawyer has done for you in this case?

PETITIONER: Yes, Your Honor.

THE COURT: And do you believe your lawyer has done everything possible to help you make a decision about whether or not you should plead guilty in this case?

PETITIONER: Yes.

THE COURT: Okay. So although I am sure your lawyer has given you his best advice, do you understand that the decision to plead guilty is your decision and your decision alone, and that you're the only one who can make that decision?

PETITIONER: Yes, Your Honor.

THE COURT: Are you pleading guilty to Counts 1 and 15 of this indictment because you are, in fact, guilty of Counts 1 and 15?

PETITIONER: Yes.

*Id.* at 10–11. Petitioner further confirmed that he had signed the Statement of Facts and that its contents were accurate. *Id.* at 16. At the conclusion of the plea colloquy, Petitioner entered a plea of guilty to Counts One and Fifteen, and the Court accepted his plea as knowing, voluntary, and supported by an adequate factual basis. *Id.* at 22.

On March 22, 2022, Petitioner, through counsel, moved to withdraw his guilty plea. Mot. Withdraw Plea, ECF No. 249. Petitioner argued that law enforcement personnel had interrogated him on the day of his arrest, even after he invoked his right to counsel. *See id.* at 2–9. Petitioner's motion explained that Attorney Sartwell was unaware of this potential issue when the guilty plea was entered, and learned of it only "in preparation for sentencing," when Petitioner "stated for the first time that he initially requested an attorney when he was first questioned after arrest." *See id.* at 2.

4

At a motion hearing on April 14, 2022, the Court denied Petitioner's Motion to Withdraw Plea. *See* Mot. Withdraw Plea Hr'g Tr. at 39–55, ECF No. 298; Order at 1, ECF No. 279. As relevant here, the Court found that the post-invocation statements Petitioner gave to investigators were not material to his decision to plead guilty. Mot. Withdraw Plea Hr'g Tr. at 50. The Court noted the relative immateriality of Petitioner's contested statements, since the police had already obtained search and arrest warrants before they ever spoke to Petitioner. *Id.* Therefore, nothing in the record suggested that those statements—even if called into question—would have any impact on the information in the Statement of Facts that Petitioner admitted under oath was true. *Id.* at 51–52. The Court concluded, as a result, that Petitioner had not credibly asserted his legal innocence. *Id.* at 52. In addition, the Court did not find that Attorney Sartwell's representation of Petitioner was objectively unreasonable or that, but for any errors Attorney Sartwell may have committed, Petitioner "would have chosen to face trial rather than to plead guilty." *Id.* at 54.

On May 9, 2022, Attorney Sartwell moved to withdraw as Petitioner's counsel, based on an unwaivable conflict that had recently arisen. Mot. Withdraw Counsel at 1–2, ECF No. 278. At a motion hearing held on July 7, 2022, Petitioner claimed that, before he had pleaded guilty, he had asked Mr. Sartwell to find out whether Petitioner's codefendant-brothers also planned to plead guilty. Mot. Withdraw Counsel Hr'g Tr. at 4, ECF No. 350. Mr. Sartwell reported back to Petitioner that his brothers were indeed going to plead guilty, but at a later meeting among the brothers and their attorneys, Carrington Palmer expressed that he did not intend to plead guilty. *See id.* at 4–7; Mot. Withdraw Guilty Plea Hr'g Tr. at 6–8. Petitioner concluded from these events that Attorney Sartwell had lied to him. *See* Mot. Withdraw Counsel Hr'g Tr. at 6–8. The Court was unconvinced that Petitioner's conclusion was correct, but the Court granted the Motion to Withdraw Counsel and appointed new counsel to represent Petitioner. *See id.* at 8–9; Order at 1, ECF No. 285.

On September 27, 2022, the Court sentenced Petitioner to 180 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Fifteen, for a total term of imprisonment of 240 months.  Sent'g Tr. at 30, ECF No. 351.  On the Government's motion, the remaining counts against Petitioner were dismissed.  *Id.* at 36.  The Court's judgment was entered on September 28, 2022.  *See* Judgment, ECF No. 336.  Petitioner did not appeal his conviction or sentence.

The Court received Petitioner's instant § 2255 Petition on February 7, 2023.  Pet., ECF No. 346. The Petition presents the following claims, all of which propose that Attorney Sartwell's representation of Petitioner was constitutionally ineffective:

Claim 1:   Attorney Sartwell failed to investigate Petitioner's statements to police and, therefore, did not discover the grounds on which to file a motion to suppress before Petitioner pleaded guilty.

Claim 2:   Attorney Sartwell's arguments at the plea hearing were contradicted by his later statements at the plea withdrawal motion hearing, creating a conflict of interest.

Claim 3:   Attorney Sartwell failed to investigate and discover "potentially exculpatory evidence," i.e., police misconduct surrounding Petitioner's statements, which caused Petitioner to plead guilty rather than proceeding to trial.

Claim 4:   Attorney Sartwell misled Petitioner into entering a guilty plea, by causing Petitioner to believe that his two brothers also planned to plead guilty.

Pet. at 4–8.[1]  On February 15, 2023, the Court directed the Government to file a response and advised Petitioner, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of his right "to file a reply opposing the response of the United States that includes counter-affidavits, statements, exhibits or other legal or factual material that supports his position in the case."  Order at 1–2, ECF No. 347.  The Government accordingly filed a response, and Petitioner filed a reply.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions.

*See* Resp., ECF No. 357; Reply, ECF No. 361.  The Court has reviewed and considered each of these filings, as well as all the affidavits, documents, and exhibits attached thereto, and the remainder of the record.[2]  The § 2255 Petition is now ripe for disposition.

## II.  LEGAL STANDARDS

A federal prisoner may collaterally attack his sentence or conviction by moving the district court, pursuant to 28 U.S.C. § 2255, "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 establishes four cognizable grounds for relief:  (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."  *See id.*  To prevail, a § 2255 movant must prove his grounds by a preponderance of the evidence.  *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

To demonstrate constitutionally ineffective assistance of counsel, a convicted defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*; *see* U.S. Const. amend. VI.  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[2] The Court notes in particular that Petitioner's § 2255 Petition and his Reply are both affirmed to be true and correct under penalty of perjury.  *See* Pet. at 12; Reply at 18.

different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  To show *Strickland* prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III.  DISCUSSION

**A.  Ineffective Assistance: Failure to Investigate (Claims 1 and 3)**

Petitioner's failure-to-investigate claims proceed on the theory that Attorney Sartwell should have reviewed all of Petitioner's conversations with the police from August 6, 2020, before advising Petitioner to plead guilty.  *See* Pet. at 4, 7; Reply at 4, 10.  The record does not clearly establish whether Attorney Sartwell had an opportunity to review the recordings of those conversations prior to the entry of Petitioner's guilty plea or, if Attorney Sartwell had such an opportunity, why he did not discover or pursue the suppression issue at that time.  *See* Reply at 4–6 (noting potential factual discrepancies).

Nevertheless, the Court does not find additional factfinding to be necessary because, regardless of any error Attorney Sartwell may conceivably have committed, Petitioner's failure-to-investigate claims fail for lack of prejudice.  Petitioner claims that, if Attorney Sartwell had conducted a more thorough investigation and allowed Petitioner an opportunity to pursue his suppression argument, Petitioner would have forsaken the plea agreement he signed and proceeded to trial.  Reply at 10.  But Petitioner's bare assertion alone is not enough to establish the prejudice element.  To show prejudice, Petitioner "'must convince the court' that pleading not guilty and insisting on trial 'would have been rational under the circumstances' and 'objectively reasonable.'"  *United States v. Ervin*, 131 F.4th 253, 257 (4th Cir. 2025) (quoting *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012)).  In the context of an ineffectiveness claim involving an unfiled

motion to suppress, the prejudice prong requires a petitioner "to show both (1) that the [unfiled] motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." *Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 525 (4th Cir. 2016).

The Court considered many of these questions when it denied Petitioner's Motion to Withdraw Plea. *See* Mot. Withdraw Plea Hr'g Tr. at 39–55. Nothing in Petitioner's § 2255 filings calls into doubt the conclusions the Court reached then or compels the Court to find differently now.

Petitioner's forgone motion to suppress, even had it succeeded, would have had no material impact on his case. The statements Petitioner made to law enforcement after he invoked his right to counsel were mostly exculpatory and of minor importance. The police had already obtained and begun executing search warrants and arrest warrants before Petitioner made any statements that might potentially have been suppressed. And most importantly, Petitioner stipulated in writing—and later affirmed under oath—that the contents of the Statement of Facts were true and that the Government would have proven all of them beyond a reasonable doubt at trial. SOF at 1; Plea Hr'g Tr. at 16. The Statement of Facts reflects overwhelming evidence of Petitioner's guilt, and nothing in the Statement of Facts would have been affected by a successful motion to suppress. Facing this reality, no rational defendant in Petitioner's position, acting in an objectively reasonable manner, would have rejected the Government's plea offer in order to pursue an ultimately meaningless suppression motion.

This conclusion is buttressed by Petitioner's own evidence. In a sworn statement, Petitioner avers that, when he entered his guilty plea, he "was so terrified and nervous [he] would have agreed with almost anything to avoid the life sentence [his] lawyer said [he'd] be almost surely to get if [he] went to trial." Reply at 4. The Court finds that Petitioner's admitted fear was

rational under the circumstances, particularly given the potentially lengthy prison terms he faced for the four charges the Government agreed to dismiss pursuant to the plea agreement.

On these facts, Petitioner falls well short of convincing the Court that maintaining a plea of not guilty and insisting on a suppression motion or a trial "would have been rational under the circumstances." *See Ervin*, 131 F.4th at 257. As a result, he fails to satisfy the prejudice prong under *Strickland*, and his failure-to-investigate claims of ineffectiveness are without merit.

**B. Ineffective Assistance: Conflict of Interest (Claim 2)**

Next, Petitioner claims that Attorney Sartwell had a conflict of interest because he presented different arguments at the plea withdrawal hearing than he had advanced at the earlier plea hearing. *See* Pet. at 5. Specifically, Petitioner finds fault with Attorney Sartwell's assertion at the plea withdrawal hearing that a hypothetical motion to suppress would be meritorious, which contradicted his prior representation at the plea hearing that it was in Petitioner's best interest to accept the plea agreement, in part because there were no meritorious defenses that could be raised on Petitioner's behalf. *See id.*; Reply at 7.

"Defendants have the right to counsel at all critical stages of a criminal proceeding," which include both plea hearings and plea withdrawal hearings. *United States v. Glover*, 8 F.4th 239, 246 (4th Cir. 2021). Conflicts of interest may arise when a lawyer represents multiple clients with competing interests or "when a lawyer must choose between representing a client's interests and implicating [him]self in [his] own serious misconduct." *Id.* at 246–47. "To establish an actual conflict of interest, [Petitioner] must show that his interests diverged with respect to a material factual or legal issue or to a course of action." *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) (alteration and internal quotation marks omitted). "[W]here an attorney has an actual conflict of interest, prejudice is presumed if the defendant demonstrates that counsel actively

represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Glover*, 8 F.4th at 246 (internal quotation marks omitted).

Petitioner's arguments fail to establish that an actual conflict of interest occurred in this case. The reason for Attorney Sartwell's change in position was straightforward: he did not learn of the factual predicate for a possible suppression motion, i.e., Petitioner's post-invocation statements to police, until after the plea hearing was concluded. *See* Mot. Withdraw Plea at 2. It is natural and expected that Attorney Sartwell's arguments would evolve after such new facts came to light, even if those arguments contradicted his prior representations at the plea hearing. Contrary to Petitioner's assertions, Attorney Sartwell's shift in strategy between the plea hearing and the plea withdrawal hearing does not alone imply a divergence of interests as to any material factual or legal issue or course of action.

Even if Petitioner could demonstrate an actual conflict of interest, there is no evidence that any such conflict adversely affected Attorney Sartwell's performance. Notably, Attorney Sartwell filed the Motion to Withdraw plea on Petitioner's behalf and vigorously advocated at the plea withdrawal hearing for the Court to grant that motion.[3] Petitioner now proposes that Attorney Sartwell should have been replaced as his counsel prior to that hearing. *See* Reply at 8–9. But Petitioner did not move for such a substitution of counsel at the time. Moreover, regardless of who represented Petitioner at the plea withdrawal hearing or what arguments were then presented on his behalf, the Court still would have denied the Motion to Withdraw Plea because of two inescapable facts: (1) Petitioner's post-invocation statements to investigators were not material to his decision to plead guilty; and (2) he never credibly asserted his innocence of the charges.

---

[3] The fact that Attorney Sartwell filed the Motion to Withdraw Plea himself and argued forcefully in favor of it in open court distinguishes this matter from other cases where criminal defendants filed such motions *pro se*, on grounds imputing serious professional misconduct to their attorneys, which created actual conflicts of interest once the attorneys could not faithfully advocate in favor of those motions. *See, e.g.*, *Glover*, 8 F.4th at 246–47 (discussing issue and collecting cases).

Furthermore, perhaps in an attempt to cast doubt on the validity of his guilty plea and suggest that the Motion to Withdraw Plea might have been granted with better advocacy, Petitioner now claims that he lied to the Court numerous times during his plea colloquy. *See* Reply at 1–4. However, "[a]bsent clear and convincing evidence to the contrary, a [criminal] defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). "It is indeed the case that 'sworn statements made during a Rule 11 colloquy' bind a petitioner, in that a district court generally should dismiss, without an evidentiary hearing, a § 2255 petition that 'necessarily relies on allegations that contradict [those] sworn statements.'" *United States v. McNeil*, 126 F.4th 935, 946 (4th Cir. 2025) (alteration in original) (quoting *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005)). Because the Court finds no clear or convincing evidence to justify relieving Petitioner from the sworn representations he made during the plea colloquy, his new representations to the contrary carry no weight.

In sum, the record does not suggest an actual conflict of interest, and even if such a conflict existed, there is no indication that it adversely effected counsel's performance. Petitioner, therefore, is not entitled to § 2255 relief based on a conflict of interest.

## C.  Ineffective Assistance: Advice to Enter Guilty Plea (Claim 4)

Lastly, Petitioner claims that Attorney Sartwell misled him into agreeing to plead guilty, by falsely representing that his codefendant-brothers also planned to plead guilty. *See* Pet. at 8; Reply at 15–17. The critical flaw of this claim is that, as a factual matter, there is no evidence to support it.

It is undisputed that Petitioner asked Attorney Sartwell to look into whether Carrington and Thomas Palmer intended to plead guilty. Reply at 15; Sartwell Aff. at 3, ECF No. 357-4. There is likewise no dispute that Attorney Sartwell reported back to Petitioner in the affirmative, but that

at a subsequent meeting, Carrington Palmer indicated "that he never planned to plead guilty." Reply at 15; Sartwell Aff. at 3.

Attorney Sartwell attests under oath that he contacted counsel for Carrington and Thomas Palmer regarding their plea intentions, according to Petitioner's request, and "relayed" to Petitioner "the information provided by their counsel." Sartwell Aff. at 3–4. No first-hand evidence in the record refutes or calls into question Attorney Sartwell's account of these facts. Petitioner's insinuations to the contrary—that Attorney Sartwell lied about what he learned from Carrington Palmer's attorney—are based not on any personal knowledge, but rather on pure speculation.

Simply put, there is no evidence that Attorney Sartwell's performance was constitutionally deficient as to this issue, and consequently, Petitioner's final ineffective-assistance claim fails.

### IV.    CONCLUSION

For the reasons set forth above, Palmer's claims will be DENIED in their entirety, and his § 2255 Petition, ECF No. 346, will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Final Order shall issue.

/s/ _RCY_

Roderick C. Young
United States District Judge

Dated: March 30, 2026
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Palmer has not satisfied this standard.